UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ABIGAIL WATERS
*individually and on behalf of all
those similarly situated,*

    **Plaintiff,**

v.

CAINE & WEINER COMPANY, INC,

    **Defendant.**
_____/

## CLASS ACTION COMPLAINT

Plaintiff Abigail Waters ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant Caine & Weiner Company, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Miami-Dade County, Florida.

3. The amount in controversy exceeds $50,000.00, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Miami-Dade County, Florida.

5. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the FDCPA and FCCPA, and because Plaintiff is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## PARTIES

6. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

7. Defendant is a Delaware corporation, with its principal place of business located in Los Angeles, California.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9. On or about March 6, 2025, Defendant began attempting to collect an alleged debt (the "Consumer Debt") from Plaintiff.

10. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

11. The Subject Service was primarily for personal, family, or household purposes.

12. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

13. Defendant is a business entity engaged in the business of collecting consumer debts.

14. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

16. Defendant's "Consumer Collection Agency" license number is CCA9904524.

17. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

18. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

19. For example, Defendant does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

20. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

21. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

22. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

### The Communications

23. On or about March 6, 2025, Defendant began attempting to collect on the Consumer Debt via text message communication. (the "Initial Collection Message").

24. The Initial Collection Message communication is attached as "Exhibit A".

25. On or about March 13, 2025, Plaintiff requested to opt-out of Defendant's text messages by replying with a stop instruction.

PAGE | **3** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

26. The "Stop" request is also shown by "Exhibit A".

27. Upon receipt of the stop request, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

28. Between March 24, 2025, and May 2, 2025, despite knowing that Plaintiff had requested Defendant to cease communication with him, Defendant sent Plaintiff another four (4) messages in an attempt to collect the Consumer Debt. (the "Subsequent Collection Messages")

29. The Subsequent Collection Messages are attached as "Exhibit B".

30. The Subsequent Collection Messages stated: "WATERS, ABIGAIL please contact Caine & Weiner a debt collector about VCA ANTECH INC CARE CLUB at 18188517747 or visit www.connectcw.com."

31. The Initial Collection Message, and the Subsequent Collection Messages are collectively referred to as the "Subject Communications."

32. The wasted time and/or money spent in evaluating the legal ramifications of Defendant's collection efforts in the Subject Communications was a concrete harm suffered by Plaintiff. *See Toste v. Beach Club at Fontainebleau Park Condo. Ass'n,, Aventura, P.A., 2022 U.S. App. LEXIS 25076* (11th Cir. Sept. 7, 2022).

## CLASS ALLEGATIONS

### PROPOSED CLASS

33. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined "FDCPA Class" and "FCCPA Class" (collectively, "Classes").

34. The **"FDCPA Class"** consists of [1] all consumers with United States addresses [2] that were sent a text message or phone call [3] from and/or by Defendant, or someone on

Defendant's behalf [4] in an attempt to collect a debt [5] during the twelve (12) months preceding the filing of this Class Action Complaint [6] whereby said text message or phone call was sent to the consumer after the consumer requested Defendant to cease communication with the consumer in violation of 15 U.S.C. § 1692c(c).

35. The **"FCCPA Class"** consists of [1] all consumers with Florida addresses [2] that were sent a text message or phone call [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twenty-four (24) months preceding the filing of this Class Action Complaint [6] whereby said text message or phone call was sent to the consumer after the consumer requested Defendant to cease communication in violation of Fla. Stat. § 559.72(7).

36. Defendant and its employees or agents are excluded from the Classes.

37. Plaintiff does not know the number of members in the Classes but believes the members of the Classes to be in the several thousands, if not more.

## NUMEROSITY

38. Upon information and belief, Defendant has sent thousands of debt collection text messages and/or phone calls to consumers throughout the United States after the consumer requested Defendant to cease communication with the consumer. The members of the FDCPA Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. Upon information and belief, Defendant has sent thousands of debt collection text messages and/or phone calls to consumers throughout Florida after the person requested Defendant to cease communication with the consumer. The members of the FCCPA Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

40. The exact number and identities of members of the Classes are unknown at this time and can be ascertained only through discovery. Identification of each member of the Classes is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

41. There are numerous questions of law and fact common to the FDCPA Class which predominate over any questions affecting only individual members of the FDCPA Class. Among the questions of law and fact common to the FDCPA Class are: **[1]** Whether Defendant sent a text message or phone call to Plaintiff and members of the FDCPA Class in an attempt to collect a debt; **[2]** Whether Defendant is a debt collector; **[3]** Whether Defendant, by and through said text message or phone call, violated the FDCPA; **[4]** Whether Defendant is liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

42. There are numerous questions of law and fact common to the FCCPA Class which predominate over any questions affecting only individual members of the FCCPA Class. Among the questions of law and fact common to the FCCPA Class are: **[1]** Whether Defendant sent a text message or phone call to Plaintiff and members of the FCCPA Class in an attempt to collect a debt; **[2]** Whether Defendant is a "person" within the meaning of Fla. Stat. § 559.72; **[3]** Whether Defendant, by and through said text message or phone call, violated the FCCPA; **[4]** Whether Defendant is liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

43. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection text messages and/or phone calls to consumers that violate the FDCPA and the FCCPA are accurate, Plaintiff and members of the

Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

44. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

45. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

46. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation.

47. The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692c(c)**
*(For Plaintiff and the FDCPA Class)*

48.	Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference paragraphs 9-47 of this Class Action Complaint as though fully stated herein.

49.	Pursuant to 15 U.S.C. § 1692c(c), "if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to *cease further communication* with the consumer, the debt collector *shall not communicate further* with the consumer with respect to such debt" (emphasis added).

50.	On or about March 13, 2025, Defendant was notified in writing through the text message stop request that Plaintiff wished for Defendant to cease communication with her with respect to the debt.

51.	The stop request stated: "Stop".

52.	Defendant knew Plaintiff requested Defendant to cease communication with Plaintiff. Despite knowing this, Defendant communicated and/or contacted Plaintiff, by and through the Subject Communications, in connection with the collection of the Consumer Debt.

53.	Accordingly, Defendant violated 15 U.S.C. § 1692c(c) by communicating directly with Plaintiff in connection with the collection of the Consumer Debt via the Subject Communications.

54.	WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)	Statutory damages as provided by 15 U.S.C. §1692k;

(b)	Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c)	Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 2**
**VIOLATION OF FLA. STAT. § 559.72 (7)**
*(For Plaintiff and the FCCPA Class)*

55. Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference paragraphs 9-47 of this Class Action Complaint as though fully stated herein.

56. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions. Accordingly, in collecting consumer debts, pursuant to the FCCPA, no person shall: "[w]illfully *communicate with the debtor* or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or *willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor* or any member of her or his family." Fla. Stat. § 559.72(7) (emphasis added).

57. As stated above, Defendant knew Plaintiff had revoked any consent Defendant had to communicate with Plaintiff and that Defendant was not to contact Plaintiff. As of March 13, 2025. Defendant knew it could not communicate with Plaintiff in connection with the Consumer Debt.

58. Despite knowing this, Defendant communicated and/or contacted Plaintiff via text message, by and through the Subject Communications, in connection with the collection of the Consumer Debt.

59. In doing so, Defendant willfully communicated with Plaintiff in such a way that can be reasonably expected to harass or abuse Plaintiff. As such, by and through the Subject Communications, Defendant violated Fla. Stat. § 559.72(7).

60. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

PAGE | **9** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

  (a)  Statutory damages as provided by 15 U.S.C. §1692k;

  (b)  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

  (c)  Any other relief that this Court deems appropriate under the circumstances.

DATED: May 15, 2025

            Respectfully Submitted,

            /s/ Faaris K Uddin    .
            **FAARIS K. UDDIN, ESQ.**
            Florida Bar No.: 1054470
            E-mail: faaris@jibraellaw.com
            **ZANE C. HEDAYA, ESQ.**
            Florida Bar No.: 1048640
            E-mail: zane@jibraellaw.com
            **GERALD D. LANE, JR., ESQ.**
            Florida Bar No.: 1044677
            E-mail: gerald@jibraellaw.com
            The Law Offices of Jibrael S. Hindi
            110 SE 6th Street, Suite 1744
            Fort Lauderdale, Florida 33301
            Phone: 813- 340-8838

            *COUNSEL FOR PLAINTIFF*

PAGE | **10** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com